## AWBREY v. AWBREY.

No. 70-C-4508.

Circuit Court, Fifteenth Judicial Circuit.

February 4, 1971.

Harry W. Spisak, Miami, for plaintiff-petitioner.

Sally Weintraub, Perrine, for defendant-respondent.

JAMES R. KNOTT, Circuit Judge.

Plaintiff petitions this court to set aside and vacate an order of the juvenile and domestic relations court in and for Palm Beach County dated June 26, 1969 in case no. 62-270, Awbrey v. Awbrey, alleging that he was not afforded proper notice, legal service of process or opportunity to appear in the proceedings which preceded and formed the basis of said order.

Respondent has moved to dismiss the petition for lack of jurisdiction in this court, alleging that this court had transferred the case to the juvenile and domestic relations court for any further proceedings concerning custody and support of the parties' minor children and no further order has been entered transferring jurisdiction back to the circuit court. While this point may well have merit, it has not been argued before the court, and the merits of petitioner's contention will therefore be considered, assuming without deciding that this court does have jurisdiction.

The procedure followed by the juvenile and domestic relations court may be shown by quoting the relevant provisions of its order, as follows —

> This cause was presented upon rule to show cause directed against the defendant herein for failure to pay child support. Plaintiff was present and testified at the hearing, defendant making no appearance.

> This cause was transferred from the circuit court of the fifteenth judicial circuit of Florida in and for Palm Beach County on June 25, 1962, for the enforcement of child support payments in the amount of $30 per week. Defendant has made no payments towards this support since the aforesaid date and is delinquent in the payment of child support in the amount of $10,920 through June 6, 1969. Plaintiff testifies further that defendant has actually failed to contribute any child support since March 15, 1958, but this court has no jurisdiction over support matters prior to June 25, 1962.

Several attempts have been made in the past to serve defendant with notices of hearing. In each instance until now these efforts have been unsuccessful. On this last occasion the rule to show cause was forwarded by plaintiff's attorney to an attorney who represents the defendant in an entirely unrelated matter. This attorney did, in fact, forward the rule to defendant. Defendant then inquired of his attorney about the matter before this court and was advised to secure the services of an attorney in the West Palm Beach area. The court finds the notice of hearing to defendant to be sufficient.

It is thereupon ordered that the plaintiff, Sammie Jean Awbrey Tyson, do have and recover of and from the defendant Theodore Awbrey, the sum of $10,920, for which let execution issue . . .

Plaintiff concedes that he received the rule to show cause forwarded to him as recited in the order, above, and that he had timely actual knowledge of the hearing, but insists upon his right to formal process. He contends that the proceeding involving the rule to show cause was a "completely new and independent cause of action." This view is not tenable, since it is apparent that the rule was merely a step in the continuation of the original proceeding, relating to enforcement of the court's support requirements.

It appearing that plaintiff had actual knowledge and opportunity to be heard in the proceeding sounding in equity before the juvenile and domestic relations court, this court concludes that he lacks standing to complain that the technical niceties of formal service of process upon him were not observed.

It is therefore ordered and adjudged that plaintiff's petition is denied.